**STAHL & DeLAURENTIS, P.C.**
BY: Dominic A. DeLaurentis, Jr., Esquire
**ATTY I.D.** 025291984
10 E. CLEMENTS BRIDGE ROAD
RUNNEMEDE, NEW JERSEY 08078
(856) 380-9200
ATTORNEY FOR Defendant, Robert Tomaro, M.D.

File #18176

*Plaintiff*
BRIEANA GOLIA and DAVID GOLIA, her husband

vs.

JERSEY SHORE UNIVERSITY MEDICAL CENTER, HACKENSACK MERIDIAN HEALTH, JERSEY SHORE UNIVERSITY MEDICAL CENTER MEDICAL STAFF, KATHLEEN S. WALSH, M.D., ALEXANDRA CHRISTIE, D.O., ELENA GORE, M.D., ALEXANDRA GIGLIO, M.D., ROBERT TOMARO, M.D., ROBIN ANDERSEN, M.D., JOHN ROE, M.D., and/or MARY DOE, M.D., et al.

UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action No.

(previously pending in the Superior Court of New Jersey, Law Division, Essex County, Docket #ESX-L-7674-18

NOTICE OF REMOVAL

TO: The Judges of The United States District Court
For the District of New Jersey

PLEASE TAKE NOTICE that defendant, Robert Tomaro, M.D., by and through its counsel, Stahl & DeLaurentis, PC pursuant to 28 U.S.C. §1332(a)(1), 1441 and 1446, respectfully requests that this action be removed from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey, on the basis of the facts set forth below.

## BACKGROUND

1. On October 29, 2018, plaintiffs, Brieana Golia and David Golia, filed a Complaint against Dr. Tomaro and others in the Superior Court of New Jersey, Law Division, Essex County, Docket #ESX-L-7674-18. A true and correct copy of the Complaint served upon defendant is

attached hereto as **Exhibit A**.

2. Service of the Summons and Complaint was effectuated upon Dr. Tomaro on November 16, 2018. A true and complete copy of the Affidavit of Service is attached hereto as **Exhibit B**.

3. On December 5, 2018, and Answer was filed by the office of Orlovsky, Moody, Schaaff, Conlon & Gabrysiak on behalf of defendants, Jersey Shore University Medical Center, Hackensack Meridian Health, Jersey Shore University Meidcal Center Medical Staff, Kathleen S. Walsh, M.D., Alexandra Christine, D.O., Elena Gore, M.D., Alexandra Giglio, M.D., and Robin Andersen, M.D. A true and complete copy of co-defendants' Answer is attached hereto as **Exhibit C**.

## DIVERSITY OF THE PARTIES

4. Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction over this action by reason of diversity citizenship and an amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This action may be removed to this Court pursuant to 28 U.S.C. §1441(a), which allows a defendant or defendants to remove any civil action brought in the State Court over which the District Courts of the United States have original jurisdiction, to the District Court of the United States for the district and division embracing the place where such action is pending.

6. Plaintiffs are, and were at the time of filing suit, citizens of Plymouth, Massachusetts, see **Exhibit A**.

7. Defendant, Robert Tomaro, M.D., is, and was at the time plaintiffs filed suit, a citizen of the State of New Jersey.

8. Defendant, Jersey Shore University Medical Center is, and was at the time plaintiffs

filed suit, a health care facility located at 343 Thornall Street in Edison, New Jersey 08837.

9. Defendant, Hackensack Meridian Health is, and was at the time plaintiffs filed suit, a health care facility located at 343 Thornall Street in Edison, New Jersey 08837.

10. Defendant, Jersey Shore University Medical Center Medical Staff is, and was at the time plaintiffs filed suit, located at 1945 State Route 3, Neptune, New Jersey 07753.

11. Upon information and belief and based upon a good faith inquiry by the undersigned, Defendants Kathleen S. Walsh, M.D., Alexandrea Christie, D.O., Elena Gore, M.D., Alexandra Giglio, M.D., Robin Andersen, M.D. are, and were at the time plaintiff's suit was filed, all citizens of the state of New Jersey.

## AMOUNT IN CONTROVERSY

12. The threshold requirement for the amount in controversy in order to support removal pursuant to 28 U.S.C. §1332(a) is met. Although plaintiffs did not specify a monetary amount sought in their Complaint, plaintiffs have asserted allegations that place the amount in controversy above $75,000.00.

13. Further, "a reasonable reading of the value of the rights being litigation" results in the conclusion that the amount in controversy is satisfied. Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993); see Calendar v. NVR, Inc., No. 10-CV-4277 (NLH) (KMW), 2011 WL 4593759, at *1 n.2 (D.N.J. Sept. 30, 2011) (holding that allegations of "severe and permanent bodily injuries" left "no reason to doubt that the amount of damages" met the amount in controversy). A true and correct copy of Calendar v. NVR, is attached hereto as **Exhibit D**.

14. Here, given the fact that plaintiffs are alleging damages in the in the form of permanent injury, pain and suffering, mental disability, past and future medical expenses, past and future lost wages, and loss of companionship, the amount in controversy or the value of the rights

being litigation is not in doubt.

## REMOVAL REQUIREMENTS SATISFIED

15. This Notice of Removal is being filed within 30 days of defendant, Robert Tomaro, M.D.'s, being served with a copy of the Complaint filed by plaintiffs in the Superior Court of New Jersey, Law Division, Essex County, making this removal timely pursuant to 28 U.S.C. §1446, et seq.

16. All co-defendants consent to this removal.

17. This Notice of Removal is being filed in the District of New Jersey, the District Court of the United States for the district and division within which the State Court action is pending as required by 28 U.S.C. §1446(a) and 1441(a).

18. Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal and Notice of Filing of Notice of Removal will be provided to plaintiffs and co-defendants and filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County. See copy of the Notice of Filing and Notice of Removal notifying the New Jersey Superior Court, Essex County, of removal attached hereto as **Exhibit E**.

19. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon defendant, Robert Tomaro, M.D., in the State Court have been attached hereto.

20. By filing this Notice of Removal, Dr. Tomaro does not waive any defenses or rights that may be available to him.

21.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. §1446(a).

WHEREFORE, defendant respectfully requests that this action by duly removed to this Court, and that it proceed herein.

STAHL & DeLAURENTIS, P.C.

Date: 12/20/18        BY: _____
DOMINIC A. DeLAURENTIS, JR, ESQUIRE
Attorney for Defendant
Robert Tomaro, M.D.